## Barton v. Commonwealth.

(Decided Jan. 27, 1933.)

HIRAM H. OWENS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Upon their trial under an indictment charging Orlando Barton and his wife with grand larceny, the jury failed to agree as to Mrs. Barton, but found Orlando Barton guilty and fixed his punishment at confinement in the penitentiary for three years, and he has appealed.

### Facts Shown by the Evidence.

About midnight or in the early hours of April 2, 1931, Dooley Mays, then drunk, was brought into the home of Orlando Barton, in Corbin, Knox county, Ky.,

and put to bed. The next morning, so he says, he got some whisky from Barton that "knocked him out," that "it paralyzed him," but he claims he knew everything, but "could not speak," and "could not move"; that he had fourteen $20 bills and one $10 bill and some small change; that Mrs. Barton took these bills from him. She admits taking them and says she intended to return the money to Mays, when he became sober. Orlando Barton saw his wife with this money, wrenched it out of her hands, and said he would keep it, but instead of doing so got drunk and spent it.

## Alleged Errors.

For reversal, it is urged the court erred in admitting against him the evidence of his wife, but the only evidence admitted over the objection of the appellant was this, that Mays was allowed to say that Mrs. Barton told him, when he asked her about his money, that her husband was gone. He admits he was gone, so this was not prejudicial.

It is urged that this verdict convicting the appellant is flagrantly against the evidence and is the result of passion and prejudice because the evidence does not show he stole the money, but that Mays knew Mrs. Barton was taking his money, that he made no objection, that she spent none of it, did not intend to deprive him of it, therefore she did not steal from Mays, so the appellant argues, and as appellant did not get the money from Mays but got it from her, he argues he did not steal it from Mays, and that the court erred in submitting the case to the jury. We cannot agree with him. He knew this money belonged to Mays and not to Mrs. Barton. If his contention be correct, this money was in her custody as bailee and when he took it from her, the law regards that act the same as if he had taken it directly from Mays the owner; and that he took it with the intention of stealing it clearly appears from his immediately going upon a spree and spending it.

Judgment affirmed.